IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs October 27, 2015

## FREEMAN RAY HARRISON, JR. v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Rutherford County**
**No. F-72904      David M. Bragg, Judge**

_____

**No. M2015-00454-CCA-R3-PC – Filed January 12, 2016**

_____

The Petitioner, Freeman Ray Harrison, Jr., appeals as of right from the Rutherford County Circuit Court's denial of his petition for post-conviction relief, wherein he challenged his convictions for two counts of aggravated sexual battery and one count of reckless endangerment. On appeal, the Petitioner asserts that he received ineffective assistance of trial counsel based on counsel's failure to (1) discuss the bill of particulars with him; (2) discuss the possibility of filing a motion to sever the offenses; and (3) retain medical experts. Following our review, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ROBERT W. WEDEMEYER, JJ., joined.

Robert L. Sands, Murfreesboro, Tennessee, for the appellant, Freeman Ray Harrison, Jr.

Herbert H. Slatery III, Attorney General and Reporter; Andrew C. Coulam, Assistant District Attorney General; Jennings Jones, District Attorney General; and Hugh T. Ammerman III, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

FACTUAL BACKGROUND

In June 2010, the Petitioner was charged by indictment with rape of a child, aggravated sexual battery, incest, soliciting sexual exploitation of a minor, and reckless endangerment, following allegations that he abused his six-year-old step-granddaughter in September 2009. After a trial by jury, he was convicted of two counts of aggravated sexual battery and one count of reckless endangerment and received an effective sentence

of twenty years to be served at 100%.[1]  This court affirmed the Petitioner's convictions and sentences on direct appeal.  See State v. Freeman Ray Harrison, Jr., No. M2011-01803-CCA-R3-CD, 2013 WL 5436711 (Tenn. Crim. App. Sept. 27, 2013), perm. app. denied (Tenn. Feb. 12, 2014) (designated "not for citation").  On direct appeal, this court summarized the facts established at trial as follows:

> S.L. testified that, at the time of trial, she was seven years old. . . .  S.L. testified that she had a grandmother she called "[N]ana" and a grandfather she called "[P]eepaw."  She identified the [Petitioner] as "Peepaw."
>
> S.L. recalled a time when she and her baby sister were in the [Petitioner]'s car with him.  She said she was sitting in the back of his car on her "very old car seat" and that the [Petitioner] was driving.  As they were driving, the [Petitioner] told her that she could come to the front of the car.  At one of the red lights, S.L. moved to the front seat of the car and sat next to the [Petitioner].  She said she was no longer, at this point, in a car seat.
>
> S.L. testified that, during the drive, the [Petitioner] took his penis out of the hole in his pants.  She said he "shaked it" and then "squeezed it" and then "white stuff came out."  She said the "white stuff" looked like "pee."  S.L. said that "[w]hen he let [the white stuff] go, it like just sucked in there."  S.L. said, later, the [Petitioner] "shaked it again and then squeezed it, and then more white stuff came out.["]  And he touched it and tasted it and told her it was sweet.  She tasted it, and the [Petitioner] asked her if it was "sour or sweet," and she described the taste as "[s]our."
>
> S.L. testified that, during the ride, the [Petitioner] also asked her if she had to go "pee."  She told him that she did not, and he said he was going to "check it."  He stuck two fingers into her shorts and touched the inside of her vagina.  S.L. said it felt "[t]icklish."
>
> S.L. said that the [Petitioner] told her he did not want her to tell anyone about what had happened, but she could not recall exactly what he said.  She also recalled that, while they were still in the car together, he told her he would get into trouble if she told anyone.

---

[1]The incest charge was dropped prior to trial because a step-grandparent does not fall within the purview of Tennessee Code Annotated section 39-15-302.

Harrison, 2013 WL 5436711, at *1-2. (footnote omitted). The Petitioner's wife, who was S.L.'s biological grandmother, testified that the Petitioner suffered from genital herpes and that he had been diagnosed with hepatitis C. Id. at *3, *5.

Following his unsuccessful direct appeal, the Petitioner filed a timely pro se petition for post-conviction relief on December 1, 2014. As grounds for relief, the Petitioner alleged that trial counsel was ineffective for: (1) failing to file a motion to sever the offenses under Tennessee Rule of Criminal Procedure 14(b); (2) failing to "file and actively pursue a motion for a bill of particulars"; (3) failing to challenge his conviction and sentence for reckless endangerment and aggravated sexual battery based on a violation of double jeopardy principles[2]; and (4) failing to "seek expert services for the purpose of . . . show[ing] that the victim could not have contracted hepatitis C[] or herpes from the Petitioner's semen." Finally, the Petitioner alleged that the cumulative effect of trial counsel's prejudiced the outcome of his trial. Counsel was subsequently appointed, but an amended petition was not filed.

The post-conviction court held an evidentiary hearing on February 9, 2015. The Petitioner testified and confirmed that one of his grounds for relief was that counsel failed to request a bill of particulars. He stated that he had never discussed a bill of particulars with trial counsel and that he was unaware that a bill of particulars had been filed. Post-conviction counsel then showed the Petitioner a document filed by the State on August 17, 2010, titled "Response to Defendant's Motion for a Bill of Particulars." The Petitioner indicated that he had seen the document before, but not until January 21, 2015. He averred that he did not see the document prior to his jury trial and did not discuss the document with trial counsel. After reviewing the document, the Petitioner agreed that he was not "aware of those specific allegations listed in the bill of particulars prior to [his] trial." According to the Petitioner, he never spoke with trial counsel about the "specific allegations" contained in the responsive motion, and this affected the preparation of his defense.

The Petitioner also identified the indictment which charged him, and he indicated that he had seen that document prior to his trial. He affirmed that all five counts were listed in the indictment and that he discussed the indictment with trial counsel. However, he testified that the indictment was "very vague" and did not contain the specific allegations present in the bill of particulars. The Petitioner testified that the indictment did not "explain anything" about what happened, such as "times, day, [or] venue." According to the Petitioner, he expressed to trial counsel that he was not prepared to proceed to trial, but trial counsel told him, "[W]e're moving forward."

---

[2] The Petitioner asserted that both trial and appellate counsel were ineffective in this respect.

-3-

The Petitioner testified that he asked trial counsel to retain a medical expert "[d]ue to accusations that [he] was charged with, [his] medical history, and . . . the accident [he] had prior to th[e] indictment." According to the Petitioner, he was in a motorcycle accident in August 2009, as a result of which he sustained "several injuries, mostly on [his] hands, left forearm, upper bicep, left side, and left thigh, right hand broken finger on the little finger, multiple lacerations to the hand, left hand, multiple lacerations, scars, [and] road rash." He testified that these injuries limited him physically and that he suffered from those limitations at the time that the abuse allegations arose. The Petitioner said that Dr. David Godat treated him for these injuries and that he told trial counsel about Dr. Godat.

The Petitioner further testified that he received treatment from Dr. Felts[3] "for a venereal disease, herpes simplex, which ha[s] minor occurrence, sometimes flares." Dr. Felts also treated the Petitioner for hepatitis C, a disease he was diagnosed with in 2007. The Petitioner testified that he successfully completed treatment for hepatitis C in March 2008 and that he did not suffer from that disease at the time these offenses occurred. The Petitioner told trial counsel that he wanted Dr. Felts to testify at trial, but he was not called as a witness.

According to the Petitioner, the testimony of Drs. Godat and Felts would have been helpful because they would have shown "that whatever [the State] said [he had] done in the indictments would have been impossible . . . with [his] conditions." The Petitioner testified that, although he asked trial counsel to speak with both doctors "on several occasions," trial counsel never contacted them or explained that decision to the Petitioner.

The Petitioner testified that he had "never heard" about severance of offenses prior to speaking with post-conviction counsel, and trial counsel never discussed the possibility of severing his offenses with him.

On cross-examination, the Petitioner testified that, although he spoke with trial counsel regarding the need to retain experts, he was not in "regular contact" with trial counsel. Also, he admitted that, despite his injuries from the motorcycle accident, he was able to operate a motor vehicle at the time the abuse occurred.

Trial counsel did not testify at the evidentiary hearing.

On February 10, 2015, the post-conviction court denied the petition in a written order. The court found that the Petitioner's argument that his offenses should have been severed "ignore[d] the facts supporting the charges." The court noted that the Petitioner's

---

[3] Dr. Felts's first name was not provided.

offenses arose from a single "transaction and criminal episode" and that, even had trial counsel filed a motion for severance, it would have been denied.

The post-conviction court also concluded that, contrary to the Petitioner's assertion, trial counsel did file a motion for a bill of particulars, and the State responded accordingly. The court also rejected the Petitioner's claim that trial counsel was ineffective for failing to offer experts to testify about his medical conditions. The court found that the Petitioner "only offer[ed] his allegation as to what an expert may have testified." Finally, the post-conviction court found that because the Petitioner failed to prove that counsel was deficient in any respect, there was no cumulative error. This timely appeal followed.

ANALYSIS

The Petitioner contends that trial counsel was ineffective because he failed to discuss the bill of particulars or the possibility of severing the offenses with him and because he failed to retain medical experts who could have benefitted the defense. The Petitioner also contends that the cumulative effect of trial counsel's errors affected the outcome of his trial. The State responds that the Petitioner has waived his issue regarding the bill of particulars because he failed to include it in his petition for post-conviction relief. Alternatively, the State asserts that the Petitioner failed to show that he was prejudiced by counsel's alleged failure to discuss the bill of particulars with him. The State further responds that the Petitioner failed to prove that his charges were improperly joined and, thus, a motion to sever the charges would not have been granted. Finally, the State asserts that the Petitioner did not establish he was prejudiced by the failure to retain medical experts because neither expert was produced as a witness at the evidentiary hearing.

Post-conviction relief is available when a "conviction or sentence is void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." Tenn. Code Ann. § 40-30-103. Criminal defendants are constitutionally guaranteed the right to effective assistance of counsel. Dellinger v. State, 279 S.W.3d 282, 293 (Tenn. 2009) (citing U.S. Const. amend. VI; Cuyler v. Sullivan, 446 U.S. 335, 344 (1980)). When a claim of ineffective assistance of counsel is made under the Sixth Amendment to the United States Constitution, the burden is on the petitioner to show (1) that counsel's performance was deficient and (2) that the deficiency was prejudicial. Strickland v. Washington, 466 U.S. 668, 687 (1984); see Lockhart v. Fretwell, 506 U.S. 364, 368-72 (1993).

Deficient performance requires a showing that "counsel's representation fell below an objective standard of reasonableness," despite the fact that reviewing courts

-5-

"must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 688-89. Prejudice requires proof of "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. "Because a petitioner must establish both prongs of the test, a failure to prove either deficiency or prejudice provides a sufficient basis to deny relief on the ineffective assistance claim." Goad v. State, 938 S.W.2d 363, 370 (Tenn. 1996). The Strickland standard has been applied to the right to counsel under article I, section 9 of the Tennessee Constitution. State v. Melson, 772 S.W.2d 417, 419 n.2 (Tenn. 1989).

The burden in a post-conviction proceeding is on the petitioner to prove his allegations of fact supporting his grounds for relief by clear and convincing evidence. Tenn. Code Ann. § 40-30-110(f); see Dellinger, 279 S.W.3d at 293-94 (Tenn. 2009). On appeal, we are bound by the trial court's findings of fact unless we conclude that the evidence in the record preponderates against those findings. Fields v. State, 40 S.W.3d 450, 456 (Tenn. 2001). Additionally, "questions concerning the credibility of the witnesses, the weight and value to be given their testimony, and the factual issues raised by the evidence are to be resolved" by the post-conviction court. Id. Because they relate to mixed questions of law and fact, we review the trial court's conclusions as to whether counsel's performance was deficient and whether that deficiency was prejudicial under a de novo standard with no presumption of correctness. Id. at 457.

The Petitioner first contends that trial counsel was ineffective for failing to discuss the bill of particulars or "severance of offenses" with him, which "impaired [his] knowledge and preparation of [his] case."[4] The Petitioner argues that "[t]he only testimony put forth regarding the bill of particulars and severance of offenses was that trial counsel never discussed them with [him] and there was no testimony to the contrary given."

---

[4] We decline the State's invitation to treat the bill of particulars issue as waived. Although the Petitioner alleged in his petition that counsel did not file a motion for a bill of particulars, the Petitioner's evidentiary hearing testimony was that counsel did not discuss the State's response to that motion with him, which impaired his ability to prepare a defense. The post-conviction court addressed the issue as such in his oral ruling denying the petition, noting that any failure to review the bill of particulars was inconsequential because the defense appeared to be well-apprised of the nature of the charges against the Petitioner and did not seem "to be surprised or caught off guard" by any of the State's allegations at trial. We also note that, although the State has not asked for waiver of the severance of offenses issue, that issue has morphed in a similar manner on appeal: the Petitioner does not argue that counsel was deficient for failing to file a motion to sever the offenses as he did in his petition but rather asserts that it was counsel's failure to discuss this option with him which amounted to deficient performance. In both cases, we exercise our discretion to address the merits of these issues as presented in the Petitioner's appellate brief. See State v. Adkisson, 899 S.W.2d 626, 636 (Tenn. Crim. App. 1994).

The Petitioner has provided no insight into how he believes he was prejudiced by counsel's alleged failure to discuss the bill of particulars or the possibility of filing a motion to sever his offenses with him. The Petitioner does not contest that trial counsel did in fact file a motion for a bill of particulars and that the State responded to said motion. He states, generally, that a bill of particulars may be necessary to provide details of charges in order to help prepare a defense, but he offers no concrete examples of ways in which his defense was hindered by counsel's ostensible failure to discuss the bill of particulars with him. Likewise, although the Petitioner avers that his "lack of information regarding . . . severance of offenses inhibited [his] ability to prepare for trial," he has again failed to provide any concrete examples of how his defense was affected by counsel's failure to discuss a motion to sever with him. In his brief, the Petitioner does not allege that his offenses were improperly joined or that a motion to sever would have been granted.[5] The Petitioner was ultimately convicted of aggravated sexual battery as a lesser included of rape of a child—the most serious offense with which he was charged—and acquitted of the solicitation of sexual exploitation of a minor charge, which supports the post-conviction court's finding that the defense was well-prepared. Accordingly, the Petitioner has failed to prove that trial counsel's alleged failure to discuss the bill of particulars or the filing of a motion to sever constituted ineffective assistance of counsel.[6]

The Petitioner next contends that trial counsel was deficient for failing to retain medical experts who could have testified about the limitations of his movement as a result of his motorcycle accident and his hepatitis C and genital herpes diagnoses, which would have undermined the State's theory of the case. It is well-established that "[w]hen a petitioner contends that trial counsel failed to discover, interview, or present witnesses in support of his defense, these witnesses should be presented by the petitioner at the evidentiary hearing." Black v. State, 794 S.W.2d 752, 757 (Tenn. Crim. App. 1990). "[T]his is the only way the petitioner can establish that . . . failure to call the witness to the stand resulted in the denial of critical evidence which inured to the prejudice of the petitioner." Id. Because the Petitioner did not produce either of his proposed witnesses, or any other medical expert, at the evidentiary hearing, he has failed to establish that counsel was ineffective in this respect. This issue is without merit.

---

[5] We note that, in his petition for post-conviction relief, the Petitioner framed this issue very differently. He argued that the joinder of his offenses was permissive pursuant to Tennessee Rule of Criminal Procedure 8(b) and that, had trial counsel filed a motion to sever, it would have been granted pursuant to Rule 14(b)(1). On appeal, however, the Petitioner proffers the argument that trial counsel was deficient for failing to discuss "potential strategies and tactical choices" with him, including the possibility of filing a motion to sever. We consider only the issue as elucidated by the Petitioner in his appellate brief. See Tenn. R. App. P. 13(b) & Advisory Comm's Cmts ("[R]eview will typically extend only to the issues set forth in the briefs).

[6] The fact that the Petitioner was the only witness at the evidentiary hearing and that his testimony was therefore not contradicted does not amount to his proving his grounds for relief.

Finally, the Petitioner contends that the cumulative effect of trial counsel's errors prejudiced the outcome of his trial. We agree with the post-conviction court's characterization that the Petitioner "has presented a broad argument of general conclusory assertions not supported by the record or by the proof submitted at the evidentiary hearing . . . ." Because the Petitioner has failed to carry his burden of proving that trial counsel was deficient in any respect, his cumulative error argument is without merit.

## CONCLUSION

Based on the foregoing and the record as a whole, the judgment of the post-conviction court is affirmed.

_____
D. KELLY THOMAS, JR., JUDGE